KATHRYN C. CURRY (SBN 157099)
TRACY TIERNEY (SBN 200537)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Ste 510
Mountain View, CA  94040
Telephone:     (650) 428-3900
Facsimile:      (650) 428-3901
Email:            kcurry@gcalaw.com
                     ttierney@gcalaw.com

Attorneys for Plaintiff, ELAINE ASTRUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE ASTRUE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ERICSSON INC. SHORT TERM DISABILITY PLAN; ERICSSON LONG TERM DISABILITY INSURANCE PLAN; and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff ELAINE ASTRUE hereby complains against Defendants, and each of them, as follows:

**I.   JURISDICTION**

1.   This action is brought under 29 U.S.C. § 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974, as amended, (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA.  Jurisdiction is also proper pursuant to 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering disability income benefits under the terms of ERISA employee benefit plans, enforcing Plaintiff's rights under the terms of

- 1 -

**COMPLAINT FOR ERISA BENEFITS**

the employee benefit plans, and to clarify Plaintiff's rights to future benefits under the employee benefit plans. Plaintiff seeks relief, including but not limited to payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

## II. VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(e)(2) because the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## III. INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(c), assignment to the San Jose division is proper because a substantial part of the events giving rise to this litigation occurred in Santa Clara County.

## IV. PARTIES

4. Plaintiff is and was at all relevant times herein, a resident of the County of Santa Clara, State of California.

5. Defendant ERICSSON INC. SHORT TERM DISABILITY PLAN ("STD Plan") and Defendant ERICSSON LONG TERM DISABILITY INSURANCE PLAN ("LTD Plan") (hereinafter referred to as the "Plans") are employee welfare benefit plans established and maintained by Ericsson Inc. (hereinafter referred to as "Ericsson") to provide its employees, including Plaintiff, with income protection in the event of a disability.

6. Plaintiff is informed and believes that Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") is, and at all relevant times was, a corporation duly organized and existing under, and by virtue of, the law of the State of New Jersey, and was authorized to transact, and is transacting, the business of insurance in the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendants' employees and representatives functioned as fiduciaries within the meaning of 29 U.S.C. Section 1002(21)(A), in their dealings relating to Plaintiff's claims for benefits.

8. Unless otherwise indicated, each Defendant herein is sued as the agent, co-conspirator, and/or employee of every other defendant, and is alleged to have been acting within the course and scope of said agency, conspiracy, and/or employment, with the knowledge and/or consent of said co-defendants. Moreover, Plaintiff is informed and believes and based upon such information and belief alleges that each Defendant has authorized or ratified the wrongful activities of the remaining Defendants.

## V. FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff was an employee of Ericsson Inc. and a participant and beneficiary in the Plans.

10. Plaintiff is informed and believes and thereon alleges Prudential was the insurer for the LTD Plan and the Claims Administrator for both Plans.

11. Plaintiff is informed and believes and thereon alleges the LTD Plan is funded via an insurance policy purchased by Ericsson, Inc. from Prudential.

12. Plaintiff is informed and believes Prudential identifies the group long term disability policy it issued to the Plan as Group Contract No. G-50783-TX (the "Policy").

13. Plaintiff is informed and believes the subject Policy was issued on or about January 1, 2011.

14. Plaintiff is informed and believes the Policy was issued with the intent to insure employees of Ericsson, Inc. who resided within the State of California.

15. On August 10, 2011, the Plans were in effect and covered Plaintiff.

## FIRST CAUSE OF ACTION
### For Benefits Under ERISA
(Against All Defendants)

16. Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17. At all times relevant, Plaintiff was employed by Ericsson, Inc. and was a covered participant under the terms and conditions of the Plans, which were administered by Prudential.

18. During the course of Plaintiff's employment, Plaintiff became entitled to benefits

- 3 -

**COMPLAINT FOR ERISA BENEFITS**

under the terms and conditions of the Plans. Specifically, while Plaintiff was covered under the Plans, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plans.

19. In August 2011, Plaintiff was unable to continue working due to injuries she sustained in a prior automobile accident. Plaintiff suffered from post concussive syndrome and encephalopathic issues as a result of a traumatic brain injury and was in chronic pain due to a cervical strain.

20. After the automobile accident, Plaintiff bravely tried to continue working with her injuries, but was unable to do so, and had to stop working altogether. Plaintiff took an approved medical leave of absence from Ericsson, Inc. beginning on August 10, 2011.

21. On August 10, 2011, Plaintiff submitted a claim for benefits under the Plans.

22. By letter dated October 6, 2011, Prudential denied Plaintiff's claim on the basis her "disability was not medically supported."

23. On April 5, 2012, Plaintiff appealed the denial of her claim for benefits and included documents in support of her appeal.

24. On May 29, 2012, Prudential denied Plaintiff's appeal.

25. On November 30, 2012, Plaintiff submitted a second-level appeal and included additional documents in support of the appeal. On March 1, 2013, in spite of overwhelming evidence of a covered claim, Prudential advised Plaintiff that its decision to deny her claim remained unaltered and that her claim remained closed.

26. Defendants The Plans and Prudential breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to make a claim decision and pay benefits to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plans, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Defendants had such knowledge, Defendants denied and continued to deny Plaintiff's claims for benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under

the terms of the Plans, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for benefits;

    (c)    Failing to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary after Plaintiff's claim was denied in whole or in part; and

    (d)    Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

27. Plaintiff is informed and believes and thereon further alleges Defendants wrongfully denied her claim for disability benefits under the Plans by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

28. Following the denial of benefits under the Plans, Plaintiff exhausted all administrative remedies required under ERISA, as her requests for reconsideration were denied by Prudential on May 29, 2012 and again on March 10, 2013. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plans.

29. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has been deprived of disability benefits in a total sum to be shown at the time of trial.

30. As a further direct and proximate result of this improper determination regarding Plaintiff's disability claims, Plaintiff, in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

31. The wrongful conduct of Defendants has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plans and to clarify her right to benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. Such other and further relief as this Court deems just and proper.

Dated: March 10, 2015

GCA LAW PARTNERS LLP

By: *Kathryn C. Curry*
KATHRYN C. CURRY
TRACY M. TIERNEY
Attorneys for Plaintiff
ELAINE ASTRUE

**COMPLAINT FOR ERISA BENEFITS**